**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER B. CORDEIRO,
individually,

                Plaintiff - Appellee,

  v.

UNITED STATES OF AMERICA; and
ANTHONY VASQUEZ, individually as a
Department of Defense Navy Police
Officer,

                Defendants,

  and

WESLEY CORTEZ, individually as a
Department of Defense Navy Police
Officer,

                Defendant - Appellant.

No. 13-17062

D.C. No. 1:11-cv-00413-JMS-
BMK

MEMORANDUM[*]

CHRISTOPHER B. CORDEIRO,
individually,

                Plaintiff - Appellee,

  v.

No. 13-17065

D.C. No. 1:11-cv-00413-JMS-
BMK

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

UNITED STATES OF AMERICA; and
WESLEY CORTEZ, individually as a
Department of Defense Navy Police
Officer,

           Defendants,

  and

ANTHONY VASQUEZ, individually as a
Department of Defense Navy Police
Officer,

           Defendant - Appellant.

Appeals from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Argued and Submitted February 11, 2016
University of Hawaii Manoa, Honolulu, Hawaii

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Defendants Wesley Cortez and Anthony Vasquez, who are Department of

Defense police officers, appeal the district court's denial of their motion for

summary judgment on qualified immunity.  Plaintiff Christopher Cordeiro brought

an action under Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971), alleging that the officers violated the Fourth

Amendment by using excessive force to effectuate his arrest.  We have jurisdiction

2

under 28 U.S.C. § 1291. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) (holding that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291"). Reviewing de novo, Tekle v. United States, 511 F.3d 839, 843 (9th Cir. 2007), we affirm.

1. The district court correctly held that, viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that the officers' use of force was unreasonable and, therefore, constitutionally excessive. Mattos v. Agarano, 661 F.3d 433, 439 (9th Cir. 2011) (en banc). Officer Vasquez pointed a loaded firearm at Plaintiff's face for approximately two minutes. With Officer Vasquez' encouragement, Officer Cortez then shot Plaintiff with pepper spray. After forcibly removing Plaintiff from the car, the officers handcuffed him so tightly that it led to "deep bruising . . . that lasted for two and one half weeks." Finally, the officers watched Plaintiff suffer in pain for 30 to 60 minutes as they ignored his requests to wipe the pepper spray from his face and loosen his handcuffs.

At the time Officer Cortez shot him with pepper spray, Plaintiff posed no immediate threat to the officers as he sat "calmly" in his car with "his hands crossed." He repeatedly asked the officers to call the Honolulu Police Department,

3

did not verbally or physically threaten the officers, and did not attempt to restart or move his car. Although Plaintiff did not immediately pull over or get out of the car as instructed, "a failure to fully or immediately comply with an officer's orders neither rises to the level of active resistance nor justifies the application of a non-trivial amount of force." Nelson v. City of Davis, 685 F.3d 867, 881 (9th Cir. 2012); see, e.g., Headwaters Forest Def. v. County of Humboldt, 276 F.3d 1125, 1130 (9th Cir. 2001) (holding that protestors that remained seated and used "black bear[]" devices to lock themselves to one another despite officers' orders to disperse did not actively resist).

2. We also agree with the district court that, under clearly established law, a reasonable officer in Officer Vasquez and Cortez' shoes would have understood that the force used against Plaintiff was unlawful. "The principle that it is unreasonable to use significant force against a suspect who was suspected of a minor crime, posed no apparent threat to officer safety, and could be found not to have resisted arrest, was . . . well-established in 2001, years before the events at issue in this case." Young v. County of Los Angeles, 655 F.3d 1156, 1168 (9th Cir. 2011). Here, taking the facts in the light most favorable to Plaintiff, he showed no signs of posing a threat to the officers' safety after they stopped him for a minor traffic violation. See id. (noting that the use of pepper spray on a non-

4

violent misdemeanant is excessive force); <u>Robinson v. Solano County</u>, 278 F.3d 1007, 1015 (9th Cir. 2002) (en banc) ("[P]ointing a gun to the head of an apparently unarmed suspect during an investigation can be a violation of the Fourth Amendment, especially where the individual poses no particular danger."); <u>Palmer v. Sanderson</u>, 9 F.3d 1433, 1436 (9th Cir. 1993) (holding that a deputy sheriff was not entitled to qualified immunity after he refused to loosen handcuffs that caused "pain and left bruises that lasted for several weeks").[1]

**AFFIRMED.**

---

[1] We are unpersuaded by Defendants' argument that they are entitled to qualified immunity under <u>Mattos</u>, 661 F.3d 433. In <u>Mattos</u>, we held that a police officer used excessive force against Brooks but was entitled to qualified immunity after he used a taser against a non-threatening suspect who refused to get out of her car during a traffic stop. <u>Id.</u> at 448. We relied entirely on the lack of specific precedent concerning tasers, noting that three circuits had rejected claims that the use of a taser constituted excessive force, while we found no circuit case to the contrary. <u>Id.</u> By contrast, the law regarding an officer's use of a firearm, pepper spray, and handcuffs against a non-threatening suspect was clearly established before the events in this case took place.